# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel. CHRIS KOSTER, Attorney General, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:09-CV-1641 CAS |
| PORTFOLIO RECOVERY ASSOCIATES, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Court notes the existence of issues regarding jurisdiction. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

Defendants have removed this case pursuant to this Court's diversity jurisdiction, and more specifically, under the Class Action Fairness Act, 29 U.S.C. § 1332(d). To invoke the Court's jurisdiction under § 1332, the notice of removal must allege each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. § 1332; § 1446; see Sanders, 823 F.2d at 215 n.1. For limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of

diversity jurisdiction.  GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).

In their notice of removal, defendants do not state their places of citizenship, but rather they note that in the original petition, plaintiff has alleged defendant Portfolio Recovery Associates, Inc. is a Delaware corporation that is headquartered in Virginia, and that Portfolio Recovery Associates, LLC has its principal place of business in Virginia.  Defendants have not properly alleged their citizenship.  A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business," which is not necessarily the same as its headquarters.  28 U.S.C. § 1332 (c)(1).  As for a limited liability corporation, the party asserting diversity jurisdiction must set forth the citizenship of each member of the limited liability corporation. GMAC, 357 F.3d at 829.  For these reasons, the notice of removal does not adequately establish the existence of diversity under the Class Action Fairness Act.

Accordingly,

**IT IS HEREBY ORDERED** that on or before **October 13, 2009,** defendants shall file a supplemental notice of removal, which shall include appropriate allegations regarding the citizenship of defendants Portfolio Recovery Associates, Inc. and Portfolio Recovery Associates, LLC.

**IT IS FURTHER ORDERED** that in the event defendants do not timely comply with this Order, this case may be remanded for lack of subject matter jurisdiction.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of October, 2009.