IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ex rel. )<br>CHRIS KOSTER )<br>Attorney General, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PORTFOLIO RECOVERY ASSOCIATES, INC., )<br>and )<br>PORTFOLIO RECOVERY ASSOCIATES, LLC, )<br>    Defendants. ) | Case No. 4:09-cv-01641 CAS |

**PLAINTIFF'S SUGGESTIONS IN SUPPORT
OF
<u>MOTION TO REMAND</u>**

**I. NATURE OF THE CASE**

Missouri Attorney General Chris Koster, on behalf of the State of Missouri, under authority granted to him by § 407.020 of the Missouri Merchandising Practices Act, § 407.100 et. seq., Mo. Rev. Stat. 2000 and Supplement filed suit in state court against Defendants alleging a practice of unfair and deceptive acts within the state. The suit seeks a permanent injunction, civil penalties and restitution to consumers who have suffered a monetary damage.

Defendants removed the case to federal court alleging the Class Action Fairness Act, 28 U.S.C. § 1332(d) applied. Plaintiff seeks a remand because there is no class action, therefore the Class Action Fairness Act does not apply. Further, there is no diversity because Missouri is the real party in interest and a state has no citizenship for diversity purposes.

Defendants also base their removal on federal question jurisdiction. They assert the complaint allegations are preempted by the Bankruptcy Code, 11 U.S.C. §§ 101 et. seq. Plaintiff states that there is no federal question nor does the Code preempt matters that can have no conceivable effect on the bankruptcy estate administration. Rather, Plaintiff has alleged that Defendants commit unfair and deceptive acts by attempting collection against people who, for various reasons, including bankruptcy discharge, do not owe the debt.

## II. BURDEN OF PROOF

"On a motion to remand, the removing party has the burden of proving that removal was proper and that the federal court has jurisdiction." *State ex rel. Webster v. Best Buy Co., Inc.*, 715 F. Supp. 1455, 1456 (E.D. Mo. 1989). To meet this burden, a defendant must overcome a "strong presumption" against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Arnold v. First Greensboro Home Equity Inc.*, 327 F.Supp.2d 1022, 1025 (E.D.Mo.2004) (internal citations omitted); *Transit Casualty. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir.1997), *cert. denied*, 522 U.S. 1075 (1998). "Removal statutes are to be construed narrowly, and there is a presumption in favor of remand." *City of University City v. AT&T Wireless Services, Inc., et al.*, 229 F.Supp.2d 927, 933 (E.D. Mo., 2002), citing with favor *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994).

Additionally, the United States Supreme Court suggests a higher hurdle for the removal of actions brought by a State. In *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22 n. 22 (1983), the Supreme Court opined,

2

"Considerations of comity make us reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it."

### III. ARGUMENTS AND AUTHORITIES

**A. CLASS ACTION FAIRNESS ACT DOES NOT APPLY SINCE THIS IS NOT A CLASS ACTION AND THERE IS NOT EVEN MINIMAL DIVERSITY**

   **1. This is not a class action.**

Plaintiff, State of Missouri, has chosen to bring the instant action as an individual case. "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.1994). *City of University City v. AT&T Wireless Services, Inc., et al.,* 229 F.Supp.2d 927, 933 (E.D. Mo., 2002). *See also Terra International, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 695 (8th Cir. 1997).

Defendants argue that the Class Action Fairness Act (CAFA) applies because this action was brought on behalf of the citizens of Missouri. The very clear statute language, as well as the history of debate in the Senate make it clear the act does not apply.

CAFA defines a "class action" as:

> "… any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 USC § 1332 (d)(1) (B).

This case was brought by a single plaintiff, the State of Missouri, alleging violations of the Merchandising Practices Act. It was filed using neither Rule 23 of the FRCP or Mo. Sup. Ct. R. 58.08, which is Missouri's "similar state statute or rule of judicial procedure."

3

The only case directly on point is *Harvey v. Blockbuster*, 384 F.Supp.2d 749 (D.N.J., 2005). In that case, the Attorney General of New Jersey brought suit against Blockbuster Video for violations of the state's consumer protection statute. The Court cited with favor extensive portions of the debate on the bill published in the Congressional Record. Defendant points out, that an amendment to explicitly exempt attorney general actions from the reach of CAFA was defeated. ECF # 5-2, Defendants' Notice of Removal, FN2, page 4. However, Defendant fails to note that the amendment was deemed unnecessary because CAFA would never apply to state attorney general actions since they were not class actions:

> … the amendment [was] not necessary… State attorneys general have authority under the laws of every State to bring enforcement actions to protect their citizens. Sometimes these laws are parens patriae cases, similar to class actions in the sense that the State attorney general represents the people of that State. In other instances, their actions are brought directly on behalf of that particular State. But **they are not class actions**; rather, they are very unique attorney general lawsuits authorized under State constitutions or under statutes. One reason this amendment is not necessary is because **our bill will not affect those lawsuits**. Our bill provides class actions under that term "class action" as defined to mean any civil action filed …under rule 23 of the Federal Rules of Civil Procedure or any civil action… brought by one or more representatives as a class action. That means that **cases brought by State attorneys general will not be affected by this bill**. *Harvey*, at 753, emphasis added by the *Harvey* court, quoting 151 Cong.Rec. S1157-02, at S1163 (statement of Sen. Grassley).

> State attorneys general have authority under the laws of every State in this country to bring enforcement actions to protect their citizens. These suits, known commonly as parens patriae cases, are similar to class actions to the extent that the attorney general represents a large group of people. But let me be **perfectly clear that they are not class actions**. There is no certification process, there are no representative class members named in the complaint, and plaintiffs' attorneys who stand to gain millions of dollars in fees. Rather, they are unique lawsuits authorized under State constitutions or State statutes that are brought on behalf of the citizenry of a particular State. These actions are brought typically in consumer protection matters under State law and usually involve local disputes. As such **[Section 1332(d)] in no way affects these lawsuits**. *Harvey*, at 753-754, emphasis added by the *Harvey* court, quoting 151 Cong.Rec. S1157-02, at S1163-64 (statement of Sen. Hatch).

Thus, as to "statutes that are typical of every State-deceptive trade practice acts and consumer protection statutes- which… specifically authorize the attorney general to seek remedies on behalf of aggrieved consumers," **it was Congress's intent that "[t]his bill certainly… not encroach on that authority**. Harvey, at 754, quoting 151 Cong.Rec. S1157-02, at S1163-64 (statement of Sen. Spector). (Emphasis added.)

A similar case was heard by the D.C. Circuit, only that case was brought by a consumer acting on behalf the general public. U-Haul attempted to require matter be treated as a class action under *28 U.S.C. § 1332(d)(2)(A)* and (B), although the case had not been styled as a purported class action by the plaintiff. *In re U-Haul International, Inc.*, 2009 WL 902414 (D.C. Cir., 2009). U-Haul claimed that a "class action" under CAFA "includes any action which 'resemble[s]' a class action, such that the real parties in interest are absentees, even if that action is not brought under Rule 23." *Id*, 3. The Circuit Court remanded on other grounds, but specifically mentioned that the legislative proponents of CAFA understood that CAFA would leave in state court complaints filed on behalf of the general public under "a law like the California Unfair Competition Law, which allows individuals to bring a suit on behalf of the general public." *U-Haul* at 2, quoting S. Rep. 109-14 at 47.

**2. There is no diversity**

It is well settled law that a state is not a "citizen" for purposes of diversity jurisdiction. *Missouri ex rel. Webster v. Freedom Financial Corporation*, 727 F. Supp. 1313, 1315 (W.D. Mo., 1989); *Missouri ex rel. Webster v. Best Buy Co., Inc.*, 715 F. Supp. 1455 (E.D. Mo., 1989); "Therefore, diversity jurisdiction may not be asserted over an action to which a state is a real party in interest." Id 1457. *See also State Highway Commission v. Utah Constr. Co.*, 278 U.S. 194, 199-200; *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973); *Indiana Port Comm'n v. Bethlehem Steel Corp.*, 702 F.2d 107, 109 (7th Cir.1983) (citing *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482).

### 3. Missouri is the real party in interest

In an attempt to prove the minimal diversity permitted by the Class Action Fairness Act, Defendants allege that Missouri is not the real party in interest in this action, simply because Missouri is seeking restitution for aggrieved consumers in addition to permanent injunctions, civil penalties, and the costs of prosecution. This issue was directly addressed by this Court in the nearly identical case of *Missouri v. Best Buy Co., Inc.,* 715 F.Supp. 1455 (1989). As is the situation in herein, Missouri, through its Attorney General, sought to enforce the Merchandising Practices Act, and sought injunctive relief, civil penalties and restitution to aggrieved consumers. The court in *Best Buy* noted that the State's purpose in seeking widespread relief is not merely to vindicate the interest of a few private consumers. The court opined that the recovery of damages for aggrieved consumers is but one aspect of the case, and that the State's decision to seek restitution on behalf of those who have allegedly been injured by the defendant did not alter their conclusion that the Attorney General brought the action on behalf of the State to accomplish the purposes of the Missouri Merchandising Practices Act. *Id*, 1457- 1458. The Western District of Missouri has also come to the same conclusion. "[Re]covery of damages is but one aspect of the case. The focus is on obtaining wide-ranging injunctive relief designed to vindicate the State's quasi-sovereign interest in securing an honest marketplace for all consumers. That recovery on behalf of an identifiable group is also sought should not require the Court to ignore the primary purpose of the action and to characterize it as one brought solely for the benefit of a few private parties." *Missouri v. Freedom Financial Corp.*, 727 F.Supp 1313, 1317, citing with favor *New York v. GMC,* 547 F.Supp. 703 (D.C. N.Y., 1982).

Many other jurisdictions have held the same. "An action filed by the Attorney General under the [Consumer Fraud] Act is essentially a law enforcement action designed to protect the

public, not to benefit private parties…Although restitution may benefit aggrieved consumers, the remedy flows from the basic policy that those who engage in proscribed conduct or practices surrender all profits flowing there from.  Because the nature and object of the Act and its remedies are in-disputably the protection of the public interest, we believe that the legislature intended the State to be the only real party in interest…"*People of Illinois v. James Lann,* 587 N.E.2d 521, 524 (Ill. App., 1992).  "While restitution would benefit the vendees by the return of the money illegally obtained, such repayment is not the primary object of the suit, as it is in most private class actions." *Pacific Land Research*, 569 P.2d 125, 129 (Cal., 1977).  "[I]t is clear that the [act] was enacted in the interest of the public generally. Whether one consumer, ten or one hundred consumers, may receive actual damages as a result of a suit by the attorney general does not diminish the overall benefit to the State's interest in protecting consumers against deceptive and unconscionable acts and practices.  In performing the duties required by the act, the attorney general acts in the interest of the State and for its benefit." *Brotherhood Bank and Trust*, 8 Kan.App.2d at 62-63, 649 P.2d at 423.  "This type of prospective relief [injunctive] goes beyond addressing the claims of previously injured organizations or individuals. It is aimed at securing an honest marketplace, promoting proper business practices, protecting Mississippi consumers, and advancing Mississippi's interest in the economic well-being of its residents." *Mississippi ex rel Hood v. Microsoft,* 428 F.Supp.2d 537, 545 (SD Miss., 2006).  "The fact that private parties may benefit monetarily from a favorable resolution of this case does not minimize nor negate plaintiff's substantial interest." *Alabama ex rel. Galanos v. Star Serv. & Petroleum Co.*, 616 F.Supp. 429, 431 (S.D.Ala. 1985).  "…[W]hen an Attorney General brings suit under the [Consumer Fraud Act], the State is not only the primary party in interest, but the sole party in interest." *People of Illinois v. Livedeal, Inc.*, 2009 WL 383434, 3 (C.D.Ill, 2009).  *See also*

*Wisconsin v. Abbott Laboratories, Amgen, Inc.*, 341 F.Supp.2D 1057 (W.D. WI, 2004); *Kelley v. Carr*, 442 F.Supp. 346, 356-57 (W.D.Mich.1977), *aff'd in part and rev'd in part,* 691 F.2d 800; *People of the State of Illinois, v. SDS West Corporation*, -- F.Supp.2d --, 2009 WL 2423308 (C.D.Ill.); *State of Me. v. Data Gen. Corp.*, 697 F.Supp. 23, 25 (D.Me.1988); *State of Me. v. First Jersey Sec., Inc., 655* F.Supp. 1370, 1370 n. 1 (D.Me.1987); *New York ex rel. Abrams  v. Gen. Motors Corp.,* 547 F.Supp. 703, 705-06 (S.D.N.Y.1982); *Louisiana ex rel. Leyoub v. Borden, Inc.,* 1995 WL 59548, *2 (E.D.La. Feb.10, 1995).

In an attempt to further support its argument, Defendant relies on *State ex rel., Caldwell v. Allstate Ins. Co.*, 536 F.3d 418 (5th Cir. 2008), a case that is factually very dissimilar.  First, the Louisiana was not the only entity involved because the case was brought together with a number of private law firms, on behalf of Louisiana insurance policyholders. Second, the case was filed claiming violations of Louisiana antitrust law, which differs greatly from Missouri consumer protection law.  Most importantly, the case was nearly identical to a number of cases that had already been filed by many of the same private law firms alleging the same facts.  *Id*, 423.

Unlike *Caldwell,* Plaintiff is not seeking treble damages under antitrust laws, but merely restitution for consumers' actual loss as a result of the Defendants' alleged unfair and deceptive acts, in addition to seeking permanent injunctions, civil penalties, costs and fees, and payment to the Missouri Merchandising Practices Revolving Fund, all of which accomplish the purposes of the Missouri Merchandising Practices Act, to wit, to promote the State's interest in fundamental honesty, fair play and right dealings in public transactions.   Even the *Caldwell* Court would find that Missouri is the real party in interest using its stated standard that a party is a real party in interest when it is "directly and personally concerned in the outcome of the litigation to the

8

extent that his participation therein will insure 'a genuine adversary issue between the parties ....'" *Id,* 28.

**B.  THE ACTION DOES NOT INVOKE THE BANKRUPTCY CODE**

In the instant case, the plaintiff's complaint, as filed in Circuit Court, alleged no federal cause of action, relied upon no federal statute, and raised no federal issues. Plaintiff confined its allegations to violations of Missouri's Merchandising Practicing Act.  Under the "well pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint, there is no federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The exception to the "well pleaded complaint" rule is when the issue raised by the complaint is governed exclusively by a federal statute.  Defendants removed this case from state court alleging the Bankruptcy Code is one of the complete field preemption, and essentially any complaint using the phrase "discharged in bankruptcy" creates a federal question.  Plaintiff argues that preemption does not apply in the instant matter.

The United States Supreme Court states it is long settled "that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Merrell Dow Pharmaceuticals Inc., v. Thompson,* 478 U.S. 804, 813 (1986).  The complete preemption doctrine only applies where a statutory scheme has "extraordinary preemptive power." *State ex. rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1108 (8th Cir.), *cert. denied*, 527 U.S. 1039 (1999).  The Supreme Court has approved complete preemption in only three areas: (1) claims under Section 301 of the Labor Management Relations Act, (2) claims under Section 502(a)(1)(B) of ERISA, and (3) claims alleging a present right to

possession of Indian tribal lands. *Arnold v. First Greensboro Home Equity, Inc.* 327 F.Supp.2d 1022, 1026 (E.D. MO, 2004). The Merrell Dow court, supra, held:

> Federal question jurisdiction would, thus, exist only if plaintiffs' right to relief depended necessarily on a substantial question of federal law. Plaintiffs' causes of action referred to FDCA [Food, Drug, and Cosmetic Act] merely as one available criterion for determining whether [the defendant] was negligent. Because the jury could find negligence on the part of [the defendant] without finding a violation of the FDCA, then plaintiffs' causes of action did not depend necessarily upon a question of federal law. Consequently, the causes of action did to rise under federal law and, therefore, were improperly removed to federal court. *Merrell*, at 807.

Defendants cite a number of cases to support their claim of complete field preemption, but each case cited is inapplicable. In each case cited, the plaintiff was the bankruptcy debtor, and had standing to address the matter when it arose during the bankruptcy, or at the very least, reopen the plaintiff's closed bankruptcy case. Also, in each case cited, the matter would require an extensive scrutiny of the Bankruptcy Code. In *In re Miles, MSR,* and *Eastern Equipment*, all cited by the Defendants, each plaintiff was angry at the creditors' actions <u>in their bankruptcies</u> and rather than bring the complaint to the jurisdiction where the alleged wrongdoing occurred, the bankruptcy debtors attempted to bring the cause in a different jurisdiction. *In re Miles,* 430 F.3d 1083 (9th Cir. 2005); *MSR Exploration, Ltd. v. Meridian Oil, Inc.* 74 F.3d 910 (9th Cir. 1996). The *Diamante* and *Pereira* cases cited by Defendants involve collections actions arising after their bankruptcies, but still required extensive reliance on bankruptcy reaffirmation law. *Diamante v. Solomon & Solomon, P.C.,* 2001 WL 1217226 (N.D.N.Y., 2001); *Pereira v. First North American National Bank,* 223 B.R. 28 (N.D.Ga., 1998). In *Diamante,* the case was filed in U.S. District Court, and even required a request to the bankruptcy court for a legal analysis of the reaffirmation process as it applied to the plaintiff/bankruptcy debtor.

These facts are different. The State of Missouri is not a former or current bankruptcy debtor, nor does it have standing to reopen a consumers' closed bankruptcy. There will be no need for an extensive knowledge of bankruptcy law, nor for involvement of a bankruptcy court.

The Eighth Circuit court has joined a number of other circuits in holding that bankruptcy court has no jurisdiction in matters such as those herein. *Specialty Mills, Inc v. Citizens State Bank,* 51 F.3d 770 (8th Cir. 1995). "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in the bankruptcy…" *Id*, at 774. "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action… and which in any way impacts upon the handling and administration of the bankruptcy estate." *Id*. In the instant matter, there is no conceivable way that the State's action could affect the bankruptcy of any individual for whom restitution is sought. Not only does the Bankruptcy Code not preempt the field, this matter is not even related to bankruptcy as that is defined in the law.

## CONCLUSION

This is not a class action, so the Class Action Fairness Act does not provide a basis for removal to federal court.

Missouri is the real party in interest in this matter, and as a sovereign, is not a citizen of any state, therefore diversity does not exist.

The Bankruptcy Code does not preempt a State's law enforcement duties, and the matters herein have no relation to the bankruptcy of any of the consumer victims.

THEREFORE, Plaintiff State of Missouri respectfully requests this matter be remanded to the St. Louis City Circuit Court.

    Respectfully Submitted,

    PLAINTIFF, STATE OF MISSOURI,
    ex Rel., Attorney General Chris Koster

    /s/ Debra K. Lumpkins
    Debra K. Lumpkins, E.D.MO # 502756
    Assistant Attorney General
    P.O. Box 861
    St. Louis, MO 63188
    Tel:   (314)340-6816
    Fax:  (314)340-7957
    debra.lumpkins@ago.mo.gov

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was filed electronically with the United States District Court for the Eastern District of Missouri by operation of the Court's CM/ECF electronic filing system on this 20th day of October, 2009.

    /s/ Debra K. Lumpkins
    Debra K. Lumpkins