# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ex rel. CHRIS KOSTER, Attorney General, ) ) ) Plaintiff, ) ) v. ) ) PORTFOLIO RECOVERY ASSOCIATES, INC., ) and ) PORTFOLIO RECOVERY ASSOCIATES, LLC, ) ) Defendants. ) | Case No. 09-cv-1641 CAS |

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO REMAND

Plaintiff has asked this court for remand to state circuit court. Defendant objects, claiming the Class Action Fairness Act applies when states seek restitution. Defendant claims the request for restitution in addition to other remedies makes the consumers the real party in interest, not the state. A recent decision in the Western District of Missouri supports Plaintiff's request for remand. In *State ex rel. Koster v. American Suzuki,* the court granted the remand despite the possibility that injunctive relief might no longer be available since that defendant was no longer in business. The Court held:

> "The Attorney General seeks a preliminary and permanent injunction, full restitution to all consumers who sustained economic losses, civil penalties in accordance with the MMPA, and payment to the Missouri Merchandising Practices Revolving Fund for the alleged violations. Thus, the Court must consider the State to be the real party in interest, as none of the claims have been

1

dismissed." 2009 WL 328778, at 2.

In the instant case, the Attorney General seeks:

(1) permanent injunctions (¶¶ two and seven of prayer for relief);

(2) civil penalties (¶¶ three and five of the prayer for relief);

(3) restitution for harmed consumers (¶ four of the prayer for relief); and

(4) the costs to prosecute (¶ six of the prayer for relief).

Complaint, ECF # 6, pages 6 and 7.

Plaintiff maintains that the minimal diversity requirement of the Class Action Fairness Act does not exist in an action filed by the State of Missouri, regarding violations that took place within this state, of a state law (the Merchandising Practices Act).

Defendant also objects to remand because Plaintiff has alleged Defendants committed unfair and deceptive acts by attempting to collect debts previously discharged in bankruptcy. Defendants argue that because bankruptcy debtors may obtain restitution, and that restitution may have a "conceivable effect" on the individual bankruptcy estates. Defendant cites *In re Farmland Industries, Inc.*, 567 F.3d 1010 as support. (8th Cir. 2009). But the *Farmland Industries* case involved assets of the estate, which this does not. The allegations were that Farmland had conspired and interfered in the sale of assets so as to lower the value of the estate by over $1 billion. That case has no application to the instant matter. While it is true that under 11 U.S.C. § 727(d)(2) a court can revoke a debt discharged in bankruptcy if "the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate…" and did not turn it over or reveal it to the bankruptcy trustee or court, a claim that arises after the estate is closed, such as for violation of the discharge, <u>is never an asset of the estate</u>, whether in a chapter 7 or a chapter 13. 11 U.S.C. § 541(a) and 11 U.S.C. § 1306.

Any restitution a consumer may obtain in this matter is not an asset of a bankruptcy estate and thus can have no conceivable relationship to the bankruptcy estate.

## Conclusion

For the reasons stated above, and for those stated in Plaintiff's original Motion for Remand, Plaintiff respectfully requests that this Court grant its Motion for Remand.

Respectfully submitted,

CHRIS KOSTER
Attorney General


s/ Debra K. Lumpkins
Debra K. Lumpkins E.D. Mo. # 502756
Assistant Attorney General
P.O. Box 861; St. Louis, MO 63188
(314) 340-6816; Fax: 314-340-7957
debra.lumpkins@ago.mo.gov

ATTORNEYS FOR PLAINTIFF


## Certificate of Service

I hereby certify that on the 6th day of November, 2009, the foregoing was served electronically with the Clerk of the Court using the CM/ECF system upon all counsel of record.

s/ Debra K. Lumpkins
Debra K. Lumpkins
Assistant Attorney General