IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ex rel. CHRIS KOSTER, Attorney General, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 09-cv-1641 ) ) |
| PORTFOLIO RECOVERY ASSOCIATES, INC., and PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS**

Defendants Portfolio Recovery Associates, Inc. and Portfolio Recovery Associates, LLC ("Defendants") moved to dismiss because (1) the Complaint fails to meet the pleading requirements of Rules 8 and 9, Fed. R. Civ. P., (2) the Missouri Merchandising Practices Act ("MMPA") does not apply to debt collection activities, (3) certain of the alleged acts are not unfair or deceptive practices as a matter of law, and (4) Portfolio Recovery Associates, Inc. is not subject to personal jurisdiction because it does not perform debt collection services or transact any other business in Missouri. Plaintiff's response to Defendants' motion to dismiss does nothing to address the deficiencies in the Complaint. The response is practically devoid of citation to legal authority and relies instead upon unsupported assertions that the law must mean what Plaintiff says it means and that different pleading standards apply to actions brought by the Attorney General. As for jurisdiction, Plaintiff does not contest that Portfolio Recovery Associates, Inc. does not transact business and shifts to an unpleaded and unsupported "pierce

the corporate veil" theory. Plaintiff's response merely serves to confirm the Complaint's failure to allege viable claims and to support dismissal as a matter of law.

I. **The Factual Allegations in the Complaint Fail to Satisfy The Pleading Standards of Rules 8 and 9.**

The Complaint failed to identify any debtors, debts, collection agents, or particular collection attempts. Its "threadbare allegations" are conclusory statements amounting to nothing more than the inadequate assertion that Defendants harmed unknown persons in Missouri and, thus, fail the requirements of *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), and *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 555 (2007). Plaintiff's only response is to assert that the Complaint contains more than an "unadorned, the-defendant-unlawfully-harmed me accusation" found wanting in *Iqbal* — but any review of the Complaint shows that it is precisely that. The Complaint contains only generic assertions, is devoid of any allegation of any particular wrongful act, and should be dismissed under controlling Supreme Court authority.

Plaintiff acknowledges that Rule 9(b) applies to MMPA actions and that this standard requires a plaintiff to "identify the 'who, what, where, when, and how' of the alleged fraud." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (quoting *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003)). Plaintiff ignores this standard by relying upon the conclusory allegation "that the acts complained of were done by Defendants." (Pl's Opp. p. 7). Plaintiff also tries to avoid application of the Rule by labeling its requirements as "minutia" that do not apply to claims brought by the State of Missouri. (Pl's Opp. p. 7). There is not, however, a different set of pleading requirements for the State. And there is no reason Plaintiff cannot identify the alleged wrongdoings if there was truly a basis to bring the action in the first place.

Plaintiff asserts that it does not know the "specific identity" of the individual debt collectors involved in the conduct said to underlie the Complaint. (Pl's Opp. p. 7). This may be true but it is also completely irrelevant and does not excuse the failure to identify any debtors or wrongful collection attempts. Plaintiff can make no claim that it lacks that information since it admits in its affidavit that it has reviewed more than 100 consumer complaints against Defendants (Hankinson Aff. at ¶ 2) and that it has so much information that its pleading "would never be complete" (Pl's Opp. p. 7). Plaintiff offers no legitimate explanation for its failure to identify the purported basis for its claims, especially when it admits that such detail is mandated by Rule 9.

Moreover, at the time it filed its opposition brief, Plaintiff knew that nearly identical allegations were found to be deficient in a case filed by Plaintiff against another debt collector on the same day this action was filed. In *State of Missouri v. Professional Debt Management, LLC*, No. 0922-CC08790 (Mo. Cir. Ct. Nov. 9, 2009) (order attached as Exhibit 1), the state court granted the defendant's motion for a more definite statement, based on Plaintiff's failure to identify, among other things, information regarding the alleged wrongful conduct. This Court should require no less.

## II. The MMPA Does not Apply to Debt Collection Activities.

Defendants moved to dismiss because the MMPA does not apply to debt collection activities. Cases from the Eighth Circuit and Western District of Missouri so hold, reasoning that debt collection is not "in connection with" the sale or advertisement of merchandise (Defs' Br. pp. 5-6). Plaintiff's response to this case authority is that different standards apply to actions brought by the Attorney General. But nothing in the statute or cases supports such distinction; to the contrary, the Supreme Court of Missouri explicitly rejected this argument, holding that the

plain language of the statute controls, regardless of whether an action is brought by the Attorney General or a consumer. *Gibbons v. J. Nuckolls, Inc.*, 216 S.W.3d 667, 670 (Mo. banc. 2007).

Indeed, under the statutory principle of *expressio unius est exclusio alterius*, the fact that the MMPA elsewhere contains provisions specifically addressed to the Attorney General[1/] shows that the Attorney General is entitled to no special exception from the "in connection with" requirement. *See Watt v. GMAC Mortgage Corp.*, 457 F.3d 781, 783 (8th Cir. 2006); *Smith v. Missouri Local Gov't Employees Ret. Sys.*, 235 S.W.3d 578, 582 (Mo. App. 2007). Nor is there any support for Plaintiff's assertion that the term "in connection" is "a very loose standard" that "could be described almost as a 'but for' test" (Pl's Opp. p. 3). Applying this test, Plaintiff contends that debt collection is "in connection with the sale or advertisement of any merchandise in trade or commerce" because the opportunity to collect debt would not exist if some sale or advertisement had not been made, at some point, by someone. Under Plaintiff's approach, however, an automobile manufacturer would liable under the MMPA for a used car salesman's conduct because the fraudulent used sale would not occur "but for" the original sale. Plaintiff stretches the statutory language "in connection" so far as to render it meaningless. It is not surprising, therefore, that Plaintiff is unable to cite any case applying the MMPA to debt collection activities or any case supporting its view of the "in connection with" limitation.

Plaintiff's sole cited authority did not hold that the MMPA applies to debt collection activities. *Gibbons* held that the plaintiff could sue a wholesaler under the MMPA even though the plaintiff purchased his vehicle from a dealership and was not in privity with the wholesaler. *Id.* at 669-70. As Defendants noted in their opening brief at footnote 2, the *Gibbons* court held that the MMPA does not require a direct contractual relationship between a plaintiff and

---

[1/]     *E.g.*, Rev. Mo. Stat. §§ 407.030; 407.040; 407.060; 407.080; 407.090; 407.095; 407.100; and 407.130.

defendant, but it does require that the defendant engage in unfair or deceptive practices "*in connection* with the sale or advertisement of any merchandise in trade or commerce." *Id.* at 669 (emphasis added). This requirement was readily satisfied in *Gibbons*, where the wholesaler failed to tell the dealership that the vehicle had been in an accident when it sold the vehicle to the dealership, which in turn sold the vehicle to the plaintiff. *Id.* at 668. Eliminating a privity requirement does not do away with the requirement that the alleged wrongful conduct have a meaningful connection to the sale or advertisement.

In short, no reported federal or state court decision has applied the MMPA to debt collection. Nor, in contrast to other states,[2/] have the Missouri legislature or the Attorney General included debt collection within the ambit of the MMPA. Plaintiff asks this Court to stretch the MMPA to reach conduct never before thought to be within the statute. Such an effort should be directed to the Missouri legislature, not to this federal court.

**III.    The Complaint Alleges Certain Actions That Cannot Be Unfair Practices.**

Defendants' opening brief pointed out that four categories of conduct alleged in the Complaint were not unfair or deceptive as a matter of law, specifically: purchasing debts discharged in bankruptcy, collecting debts the debtor disputes, attempting to collect debts beyond the statute of limitations, and filing suit without attaching underlying documentation of the debt. Plaintiff does not contest the legal authorities cited in Defendants' brief. It claims instead that acts which are expressly authorized under specific debt collection statutes and regulations might nonetheless be unfair and deceptive under the MMPA and that whether there was a violation "will be a factual determination" (Pl's Opp. p. 8). The interpretation of statutes,

---

[2/]    *See, e.g.*, Md. Code Ann., Com. Law § 13-301(14)(iii); N.M. Stat. Ann. § 57-12-2(D); Or. Rev. Stat. §§ 646.607(1) and 646.639; Mass. Code Regs. 7.01-7.11; 06-031-004 Vt. Code Rule CF 104.

however, has long been held to be a matter of law for the court. *Roubideaux v. North Dakota Dep't of Corr. & Rehab.*, 570 F.3d 966, 972 (8th Cir. 2009); *Great Plains Coop v. Commodity Futures Trading Comm'n*, 205 F.3d 353, 356 (8th Cir. 2000) (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 n.9 (1984)). It is precisely the sort of issue that can and should be resolved on a motion to dismiss.

Here, the extensive statutes and regulations that expressly govern debt collection expressly permit the four types of actions mentioned above. The general language of the MMPA does not mention debt collection at all, and even under the consumer protection statutes of other states that expressly cover debt collection activities, many of the activities alleged in the Complaint are not unlawful.[3] Plaintiff's *ipse dixit* that "these are certainly the types of actions the Missouri General Assembly had in mind when it granted the Missouri Attorney General the authority to make rules necessary to administer and enforce the MPA" (Pl's Opp. p. 8) is unsupported by statutory language or legislative history. Nor has the Missouri Attorney General acted upon its authority to issue opinions or regulations applying the MMPA to debt collection activities. It cannot decide, *post hoc*, that this behavior is illegal. Due process and fundamental fairness demand that those conducting business in Missouri have notice that their activities might be construed as unlawful. The Complaint should be dismissed as a matter of law.

## IV. Portfolio Recovery Associates, Inc. Should Be Dismissed for Lack of Personal Jurisdiction.

The Complaint alleged that Portfolio Recovery Associates, Inc. ("PRA, Inc.") was subject to jurisdiction because it transacts business in Missouri (Compl. ¶ 7). In response, PRA, Inc. showed that it does not perform any debt collection services or conduct any other business

---

[3] *See, e.g.*, Md. Code Ann., Com. Law §§ 13-301(14)(iii) and 14-202; N.M. Stat. Ann. § 57-12-2(D); Or. Rev. Stat. §§ 646.607(1) and 646.639; 940 Mass. Code Regs. 7.01-7.11; 06-031-004 Vt. Code Rule CF 104.

in Missouri and that all debt collection services are performed by Portfolio Recovery Associates, LLC ("PRA, LLC") (Stern Decl. ¶ 6-7). Plaintiff is obliged to overcome this factual showing but makes no attempt to do so. *See Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008) ("The plaintiff's 'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto.") (citation omitted).

Instead, Plaintiff now argues now that PRA, Inc. is the alter ego of PRA, LLC, and that the debt collection activities of PRA, LLC in Missouri establish jurisdiction over PRA, Inc. Yet, Plaintiff has failed to offer facts to support piercing the corporate veil. As Plaintiff acknowledged, "personal jurisdiction [over a parent corporation] can be based on the activities of the nonresident corporation's in-state subsidiary, *but only if the parent so controlled and dominated the affairs of the subsidiary* that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego." *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 649 (8th Cir. 2003) (emphasis added). Under Missouri law,[4] "control" requires a showing of "'complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own.'" *Radaszewski by Radaszewski v. Contrux, Inc.*, 891 F.2d 672, 674 (8th Cir. 1989) (quoting *Collet v. American Nat'l Stores, Inc.*, 708 S.W.2d 273, 284 (Mo. Ct. App. 1986)).

None of the facts cited by Plaintiff suggest that PRA, Inc. controls and dominates the affairs of PRA, LLC or that PRA, LLC's corporate existence otherwise has been disregarded. Plaintiff points to the fact that the two companies share an address, registered agent, and

---

[4] "State law is viewed to determine whether and how to pierce the corporate veil." *Epps*, 327 F.3d at 649.

3259834                                7

website, but this says nothing about one company's control of the finances, policies or business practices or the other. Plaintiff also cites an affidavit filed by PRA, LLC in a debt collection case. The affidavit, however, confirms the separateness of the two entities. The affidavit submitted by PRA, LLC in a case filed by PRA, LLC states that "[i]n the ordinary course of business Plaintiff [PRA, LLC] regularly purchases revolving credit accounts, installment accounts and/or other credit lines from the original creditor or their assignee(s)." The affidavit does not reference PRA, Inc., let alone suggest that PRA, Inc. purchased the debt or controlled PRA, LLC's debt collection activities.

Finally, Plaintiff's citation to the affidavit of one of its investigators is troubling. The affidavit states that "[b]ased on consumer complaints, no distinction is ever made between [PRA, Inc.] and [PRA, LLC] by the consumer." (Hankinson Aff. at ¶ 4). As an initial matter, the fact that consumers have not reported to the Attorney General whether they were contacted by PRA, Inc. or PRA, LLC does not mean that PRA, Inc. ever contacted a consumer or attempted to collect debts in Missouri. What unnamed consumers believe proves nothing about the legal distinction between PRA, Inc. and PRA, LLC. Equally important, the investigator's "opinion that there is no distinction between Portfolio Recovery Associates, Inc. and Portfolio Recovery Associates, LLC" is simply not competent evidence. The affidavit contains double hearsay at best and does not qualify as any form of admissible opinion evidence. *See* Fed. R. Evid. 801-807 and 701-706. Plaintiff invites multiple legal errors by asking the Court to rely on it. *See Dotzler v. Perot*, 899 F. Supp. 416, 423 (E.D. Mo. 1995) ("Though plaintiffs are not required to establish personal jurisdiction by a preponderance of the evidence at this stage of the proceeding, they must provide some evidence to support their allegations. Speculation and conjecture in the form of an affidavit are not sufficient to discharge this burden."). Plaintiff's

response does not demonstrate that this Court possesses personal jurisdiction over PRA, Inc., and it should be dismissed from this action.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Memorandum in Support of Defendants' Motion to Dismiss, the Complaint should be dismissed in its entirety.

Dated: December 7, 2009                      Respectfully submitted,

                                                                 BRYAN CAVE LLP

                                                                 By: /s/ Jeffrey S. Russell

                                                                 John Michael Clear, # 2828
                                                                 Jeffrey S. Russell, # 4232
                                                                 James R. Wyrsch, # 530429
                                                                 Angela L. Harris, # 5216523
                                                                 One Metropolitan Square – Suite 3600
                                                                 211 North Broadway
                                                                 St. Louis, MO 63102
                                                                 Tel. (314) 259-2000
                                                                 Fax: (314) 259-2020 (fax)

                                                                 *Attorneys for Portfolio Recovery Associates, Inc. and Portfolio Recovery Associates, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 7, 2009, the foregoing was served electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                /s/ Jeffrey S. Russell