# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ex rel. CHRIS KOSTER, Attorney General, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 4:09-CV-1641 CAS |
| PORTFOLIO RECOVERY ASSOCIATES, INC., et al., ) ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on the State of Missouri's motion to remand. Defendants oppose the motion and have filed a memorandum in opposition. Plaintiff filed a reply memorandum and the motion is ripe for review. For the following reasons, plaintiff's motion to remand will be granted.

### *I. Background*

On August 18, 2009, the State of Missouri (the "State"), through its Attorney General Chris Koster, filed an action against Portfolio Recovery Associates, Inc., and Portfolio Recovery Associates, LLC in the Circuit Court of the City of St. Louis, Missouri, seeking redress for defendants' allegedly deceptive and unfair collection practices. More specifically, the State alleges defendants: purchased debts that had been discharged in bankruptcy with the intent of collecting on the debts; attempted to collect debts from the wrong debtors; induced customers to pay on accounts that had been paid off or discharged; threatened to garnish benefits that could not be garnished; refused to identify themselves or the accounts upon which they were collecting; refused to provide proof of debt when requested; repeatedly called residences even after having been informed that

debtors were not residing at those residences; repeatedly called employers after being told to cease calling; submitted false credit reports; assessed interest and fees not owed; filed lawsuits without documentation; and filed false or misleading affidavits. The State alleges defendants' actions violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.010, et seq. The State is the only named plaintiff in this suit, and it brings this action pursuant to authority conferred by § 407.100. The State seeks injunctive relief, civil penalties, orders that defendant make restitution to the State and consumers who were harmed, as well as prosecution and investigation costs.

Defendants removed this cause of action on October 2, 2009. Defendants contend this Court has federal jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). More specifically, defendants state this case is a "class action" within the meaning of the CAFA in that it is a representative action with diversity of citizenship that necessarily will involve more than 100 plaintiffs and over $5 million in controversy. Defendants have also removed pursuant to 28 U.S.C. § 1452(a). They contend federal question jurisdiction exists in this case pursuant to 28 U.S.C. § 1334, because allegations in the petition concern violations of federal bankruptcy law.

The State has moved to remand the cause of action to state court. It argues the suit does not fall within the definition of "class action" under the CAFA and, therefore, it was not properly removed. In addition, it argues the suit does not relate to bankruptcy law, and it was not properly removed pursuant to 28 U.S.C. § 1452(a).

## *II. Discussion*

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court, see 28 U.S.C. § 1441(a), and that

defendant bears the burden of showing the propriety of that removal. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Norwood v. Kirkpatrick, 349 U.S. 29, 35, (1955) (internal quotation marks omitted).

### A. This suit is not a "class action" under the CAFA.

Defendants removed this case from state court on the basis of diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Under the CAFA:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d). Under the statute, a "class action" is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Defendants argue this case is a representative class action despite how the State has styled the action. According to defendants, the State's petition includes a request for restitution, which if awarded, would be payable under the provisions of the MMPA to the individual consumers who were harmed. Therefore, they argue, the individuals are the real parties in interest in this suit, not the State, and it qualifies as a "class action" within the meaning of the CAFA. The State responds that the suit

3

is not a representative action. It notes the petition was filed under the MMPA, which is not the equivalent of Rule 23. Furthermore, it argues, the State is a real party in interest because it has an interest in protecting its citizens from consumer fraud and, therefore, the case is not a class action under the CAFA.

Few courts have addressed whether suits by state attorneys general are class actions for purposes of the CAFA, and there is no controlling law from the Supreme Court or Eighth Circuit on the issue. In support of their position that the CAFA applies to this case and removal was proper, defendants cite extensively to State of Louisiana, ex rel. Cadwell v. Allstate Ins. Co.,536 F.3d 418 (5th Cir. 2008). Cadwell involved a *parens patriae* action filed by Louisiana's attorney general and a number of private law firms against a number of insurance companies and affiliated companies. Id. at 422. The suit was filed under the Louisiana Monopolies Act and alleged defendants had colluded to fix the prices of repair services used to calculate amounts to be paid under various property insurance policies. The plaintiffs claimed this was price-fixing, which amounted to anti-trust violations under the Louisiana Monopolies Act. Plaintiffs sought forfeiture of illegal profits, treble damages, and injunctive relief. Id.

The defendants in Cadwell removed the state cause of action to federal court pursuant to the CAFA. They argued that although the case was labeled a *parens patriae* action, it qualified as a "class action" or a "mass action"[1] under the CAFA. The district court agreed and denied plaintiffs'

---

[1]The CFA defines a "mass action" as: "any civil action ... in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdiction amount requirement under [28 U.S.C. § 1332(a)]." 28 U.S.C. § 1332(d)(11)(B)(i). Defendants here do not maintain that the current cause of action qualifies as a mass action under the CAFA.

4

motion to remand. Id. at 423.  On interlocutory appeal, the Fifth Circuit affirmed the district court, and found because the plaintiffs were seeking treble damages, the policyholders were the real parties in interest, not the named plaintiffs.  Therefore, the case qualified as a "mass action" under the CAFA. Id. at 430.  In concluding, the Court of Appeals envisioned that policyholders would be joined in the action.  Id. ("[w]e leave it to the district judge's capable hands the manner by which the individual policyholders are to be added to this action.")  The Fifth Circuit declined to address whether the action was a "class action" within the meaning of the CAFA.

Cadwell is distinguishable from the issues before the Court.  In its opinion the Fifth Circuit determined that the case qualified as a "mass action" under the CAFA.  The Fifth Circuit declined to address whether the suit was a "class action" within the meaning of the statute.  Defendants here do not maintain that the current cause of action qualifies as a "mass action."  For their basis of removal, defendants alleged this case qualified as a "class action" under the CAFA.  In addition, the Fifth Circuit directed that upon remand from the court of appeals, the district court was to determine the mechanism by which the policyholders would be joined in the suit.  Id. at 430.  Defendants in this case do not maintain that consumers must be joined in this suit.  In fact, the MMPA provides that a court may enter an order of restitution, which is payable to the State, but "it shall be the duty of the attorney general to distribute such funds to those persons injured."  Mo. Rev. Stat. § 407.100. Joinder is not required.

This Court also does not find the legal analysis in the Cadwell majority opinion to be persuasive.  As a general matter, the opinion, which noted it was interpreting the CAFA broadly, Cadwell, 436 F.3d at 424, is counter to the Supreme Court's directive that removal statutes are to be "strictly construed," Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 369 (2002) (citations

5

omitted), especially those that undermine the authority of the state. Healy v. Ratta, 292 U.S. 263, 270, 54 (1934) ("Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined"). In addition to construing the removal statute broadly, the Fifth Circuit relied on cases involving fraudulent joinder or fraudulent pleading to justify "piercing" the plaintiffs' pleadings, which did not contain the terms "class action" or "mass action, to determine the real parties in interest. Cadwell, 436 F.3d at 428. The court did so, despite the fact that it does not appear defendants had alleged that the plaintiffs used fraud to destroy federal jurisdiction, and despite the fact that the Fifth Circuit acknowledged that the State of Louisiana had the authority to bring *parens patriae* antitrust actions under the Louisiana Monopolies Act. Id.

The Honorable Leslie H. Southwick filed a dissenting opinion in Cadwell, which the Court finds better reasoned and persuasive. This Court agrees with Judge Southwick's critique that the majority improperly focused on the plaintiffs' damage request in determining whether the suit qualified under the CAFA. Id. at 433. In its analysis, the majority observed that class actions, as opposed to *parens patriae* actions, are "the preferred vehicle for addressing antitrust violations." Id. at 426. Then, ignoring the fact that the plaintiffs were seeking injunctive relief, the majority focused almost exclusively on the fact plaintiffs had requested treble damages. The majority found because the plaintiffs were seeking treble damages, the individual policyholders, and not the state or the law firms, were the real parties in interest. Id. at 429. Disregarding, as Judge Southwick notes, the basic tenet of removal jurisdiction – that the propriety of removal is to be determined based on the status of the case at the time of removal – the majority proceeded to suppose what the case would need to become in order for treble damages to be awarded. On this basis, the majority found the case

qualified as a "mass action" and it directed the district court to determine the manner by which the individual policyholders "are to be added." Id. at 430. (emphasis added).

This Court agrees with the dissenting opinion that the request for treble damages does not convert the *parens patriae* into a "mass action." It may be, as Judge Southwick puts it, a matter of defective pleading. Id. at 434. The Louisiana Attorney General argued he had the authority to bring a claim for treble damages without joining the policyholders or certifying a class. The defendants disagreed. But as Judge Southwick noted, there are state procedures for resolving these issues. Id. at 433. If the plaintiffs are not entitled to treble damages, the damages can be denied, or alternatively, the plaintiffs can amend their pleadings, if necessary, to assert a class or mass action, at which point the action might be removable. "[W]e cannot force the Attorney General to litigate in the posture of a plaintiff in a mass action, or, as the Defendants have argued, as a class representative, in order to confer federal jurisdiction." Id. at 434 (citation omitted).

In his dissenting opinion, Judge Southwick offers an alternate approach, which is rooted in classic principles of statutory interpretation. According to the dissent, one must begin with the language of the CAFA itself. Id. at 433-34. Under the CAFA, a "class action" is an action "filed under Rule 23" or a "similar state statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B). According to the dissent, because the plaintiffs did not bring the suit under the state's equivalent of Rule 23, rather they brought a *parens patriae* action under the Louisiana Monopolies Act, the suit does not qualify as a "class action." Id. at 434. The Louisiana Monopolies Act does not contain the procedures that are required under Rule 23, such as certification, for the State of Louisiana to proceed. The act "empowers the attorney general to enforce its provisions" without "transform[ing]

7

him into a class representative when he attempts to enforce the act." Id. at 435. Therefore, it was not a "class action" under the CAFA.[2] Id.

The Court agrees with Judge Southwick's approach and will apply it to the case at bar. The Missouri Attorney General brings suit under the authority of the MMPA. The States is not proceeding under Missouri's equivalent of Rule 23, which is Missouri Supreme Court Rule 52.08. Under Missouri law, the State, through its attorney general, has the authority to bring suit under the MMPA, and it need not certify a class in order to proceed. Mo. Rev. Stat. § 407.100. Therefore, under the plain meaning of § 1332(d)(1)(B),[3] the suit does not qualify as a "class action" under the CAFA. Defendants did not allege in their Notice of Removal, or argue in their memorandum in opposition to the motion to remand, that the present case qualifies as a "mass action" under the CAFA. Even if they had, the Court finds this suit is not a "mass action" because the Missouri

---

[2]Judge Southwick also found that the action was not a "mass action" under the CAFA. At the time of removal, the plaintiffs had not joined the requisite number of plaintiffs, nor were they required to do so. Therefore, under the plain meaning of the statute, it was not a "mass action." 28 U.S.C. § 1332(d)(11)(B)(i). Id. at 434. The dissenting judge did note that the plaintiffs might find themselves in a position where they would be required to join additional plaintiffs in order to obtain the damages they seek, and at that point, if the requirements are met, the case might be removable. Id. at 436.

[3] Both parties have noted that Congress rejected an amendment that would have excluded attorney general actions from the reach of the CAFA. Defendants argue this supports the notion that attorney general actions are to be included in the definition of "class action"; the State points to the floor debates regarding the amendment and the reasoning in Harvey v. Blockbuster, 384 F. Supp. 2d 749 (D.N.J. 2005), as support for its argument that attorney general actions are to be excluded from the CAFA definition of a class action. The Court finds neither argument to be dispositive on the matter. The Court need not examine legislative history, because the language of the text is clear – the definition of "class action" does not encompass suits brought by the Missouri Attorney General under the MMPA because the State need not certify a class under Missouri's equivalent of Rule 23. Estate of Farnam v. C.I.R., 583 F.3d 58, 585 (8th Cir. 2009) (when "the plain meaning of the statute controls" . . . "there is no need to resort to policy considerations, legislative history and other means for resolving any ambiguity.").

8

Attorney General has not joined 99 additional plaintiffs, as would be required by 28 U.S.C. § 1332(d)(11)(B)(i). In sum, defendants have not established that the case was not properly removed under the CAFA.

### B. This suit is not removable under bankruptcy law.

As additional grounds for federal jurisdiction, defendants argue this Court has federal subject matter jurisdiction over this case because it arises in or under, or is related to cases under the Bankruptcy Code, U.S. Title 11, 28 U.S.C. 1334(a) and (b). According to defendants, the State's petition directly implicates bankruptcy law because it alleges, among other things, that defendants purchased debts discharged in bankruptcy with the intent of collecting on them, and that defendants induced consumers to pay on accounts that had been discharged in bankruptcy. Defendants argue removal of this case, which is related to bankruptcy, was proper under 28 U.S.C. § 1452(a).[4]

Under the language of § 1452(a), a "civil action by a governmental unit to enforce such governmental unit's police or regulatory power" is not subject to removal. 28 U.S.C. § 1452(a). In their notice of removal, defendants state that the exception does not apply to this action, because the action "seeks recovery for individual consumers and does not implicate a state regulatory regime, such as banking or insurance." Defendants' Notice of Removal at 10-11. The question, however, is not whether the action implicate's Missouri's "regulatory regime," but whether the action seeks

---

[4] The full language of 28 U.S.C. § 1452(a) provides:

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

9

to protect public safety or welfare, as opposed to the State's pecuniary interests. City & County of San Francisco v. PG & E Corp., 433 F.3d 1115, 1124 (9th Cir. 2006). See also In re Methyl Tertiary Butyl Ether Prod. Liab. Litig., 488 F.3d 112, 133 (2d Cir. 2007).

In its request for relief, the State asks for a permanent injunction enjoining defendants from violating the MMPA. It is clear that the State's claims for injunctive relief fall within the police or regulatory power exception to removal. PG & E Corp., 433 F.3d at 11124. The State also seeks civil penalties for each violation of the MMPA, an order requiring defendants to make restitution to consumers who have suffered loss, an order pursuant to Mo. Rev. Stat. § 407.140(3) requiring defendants to pay the State ten percent of the total restitution ordered, as well as, investigative and prosecution costs. The fact the State would receive monetary gain should it succeed in its suit does not bring the case out of the police or regulatory power exception. The MMPA was enacted to protect consumers from fraudulent and deceptive commercial practices. Civil penalties are part of the enforcement mechanism of the MMPA. Civil penalties are punitive in nature and fall within the State's police powers. Id. The small amount of restitution to which the State may also be entitled § 407.140(3) is also punitive in nature. Hess v. Chase Manhattan Bank, USA, N.A., 220 SW3d 758, 771 (Mo. 2007); State ex rel. Nixon v. RCT Dev. Ass'n, 290 S.W.3d 756, 761 (Mo. Ct. App. 2009). The Court also finds that restitution which might be payable to consumers damaged by defendants' alleged violations of the MMPA does not transform this case to one primarily for pecuniary gain. The payment of restitution would "benefit the public welfare by penalizing past unlawful conduct and deterring future wrongdoings." PG & E Corp., 433 F.3d at 1124. While this case may result in money being paid to private parties, this case is fundamentally an enforcement action designed to protect the public. Gibbons v. J. Nuckolls, Inc., 216 S.W.3d 667, 669 (Mo. 2007) (the MPA's

10

principal purpose is consumer protection). The Court finds the cause of action falls within the governmental police or regulatory power exception to 28 U.S.C. § 1452(a), and therefore, the case was not properly removed. In re Methyl Tertiary Butyl Ether Prod. Liab. Litig., 488 F.3d at 133; PG & E Corp., 433 F.3d at 1124.

### *III. Conclusion*

This cause of action does not qualify as a "class action" under the Class Action Fairness Act. It is not a "class action" brought pursuant to Missouri's equivalent of Rule 23 and it is not a "mass action." The case is also not removable as a claim related to bankruptcy. The action is brought by the State of Missouri to protect the interests of its consumers against deceptive collection practices. Therefore, it falls within the governmental police or regulatory power exception contained in 28 U.S.C. §1452(a).

Accordingly,

**IT IS HEREBY ORDERED** that the State of Missouri's motion to remand is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri.

An appropriate order of remand will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of February, 2010.